Allan D. NewDelman, Esq. (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: ANEWDELMAN@QWESTOFFICE.NET
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under |
| | ) | Chapter Eleven |
| 20th Street LLC | ) | |
| | ) | Case No. 09-20079 RTB |
| | ) | |
| | ) | PLAN OF REORGANIZATION |
| | ) | |
| Debtors | ) | DATED: MARCH 8, 2010 |
| | ) | |

Debtor, 20th Street LLC., hereby submits its Plan of Reorganization in accordance with 11 U.S.C. §1121(a).

## I. DEFINITIONS

As utilized in this Disclosure Statement and in the Plan of Reorganization which accompanies this Disclosure Statement, the following definitions apply to the following terms:

1. "Adequate information" means information that would enable a hypothetical reasonable investor typical of holders of claims or interest of the Debtor's estate, to make an informed judgment about the Debtor's Plan of Reorganization.

2. "Allowed and Approved Claim" shall mean all scheduled claims and to which no objection to the claim having been filed. If an objection to a claim is filed, said claim will be allowed to the extent ordered by the Court.

3. "Bankruptcy Code" shall mean the Bankruptcy Code as set forth in Title 11 of the United States Code.

4. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona.

5. "Confirmation of the Plan" shall mean the entry of an order by the Bankruptcy Court confirming the Plan of Reorganization in accordance with §1129 of the Bankruptcy Code.

6. "Consummation of the Plan" means the accomplishment of all things required or provided for under the terms of the Plan.

7. "Court" shall mean the United States Bankruptcy Court for the District of Arizona.

8. "Creditors" shall mean all persons holding claims for secured and unsecured obligations, liabilities, demands or claims of any nature whatsoever against the Debtor arising at any time prior to confirmation of the Plan and administrative creditors.

9. "Debtor" shall mean the petitioner in the above-captioned Bankruptcy case.

10. "Disclosure Statement" shall mean this Disclosure Statement (hereinafter "Disclosure Statement") filed in this case approved, after notice and a hearing by the Court as being in conformity with §1125 of the Bankruptcy Code or conditional approval as a small business case.

11. "Effective date" shall be the same as the Plan distribution date as set forth herein below.

12. "Petition" means to original Chapter 11 Petition filed by the Debtor.

13. "Plan" shall mean the Plan of Reorganization accompanying this Disclosure Statement as it may be amended, modified and/or supplemented pursuant to which the Debtor proposes payment in whole or in part of creditors' claims.

14. "Plan distribution date" shall be 30 days from the date of confirmation and every 30 days

2

1 thereafter.

2 15. All other terms not specifically defined by this Disclosure Statement shall have the

3
4 meaning as designated in §101 of the Bankruptcy Code or, if not contained therein, their ordinary

5 meaning.

6 ## II. CLASSES OF CLAIMS

7 Administrative Claims.

8
9 These claims consist of the expenses of administration of the estate including attorney fees

10 for Debtor's counsel, the Debtor's special counsel and any unpaid fees to the U.S. Trustee

11 Unsecured Claims.

12 As reflected in the amended schedules filed by the Debtor, Debtor had no unsecured claims.

13
14 Secured Claims.

15 The original schedules reflect secured debt in the amount of $2,805,385.92.

16 Tax Claims.

17 The schedules reflect no priority tax claims.

18
19 Child Support Claims.

20 As reflected in the schedules filed by the Debtor, there are no domestic support orders against

21 the Debtor.

22 ## III. TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

23
24 Classes 1 through 10, 11A, 12,13, 15 and 17 are not impaired under the Plan in that the Plan

25 does not alter the legal or contractual rights to which the holders of such claims are entitled and/or

26 the Bankruptcy Code permits payment over an extended period of time and/or the holder of the claim

27 has agreed to a different treatment.

28

## IV. TREATMENT OF IMPAIRED CLAIMS UNDER THE PLAN

Classes 10A, 11B, 14 and 16[1] are impaired under the Plan. All allowed and approved claims or judicially determined claims will receive those amounts as reflected in the payment schedule under the Plan (Article V of the Plan).

## V. PAYMENT SCHEDULE UNDER THE PLAN

The Plan provides for 17 classes of claims with 3 subclasses to be paid or administered in the following manner:

Administrative Claims (Class 1).

These claims are for the expenses of administration of the estate, including attorney fees for Debtor's counsel and to the U.S. Trustee, if any. The total fees incurred by the Debtor as of January 15, 2010 is $18,219.21subject to an offset against the initial retainer of $7,500.00. The Debtor believes, at the time that the Debtor's Chapter 11 Plan is confirmed, that there will an additional administrative expense claim in the approximate amount of $4,500.00. This claim shall be paid in cash, or in the amounts allowed by the Court upon the Plan distribution date unless otherwise agreed to between the Debtors and the administrative creditor. **(This class is not impaired.)**

Secured Claim - American Home Servicing (Class 2).

American Home Servicing is secured by the residential property located at 1500 West 8th Street, #105, Mesa, AZ. (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 17, 2009, Adversary Case No. 09-01684 RTB

---

[1] Class 16 is listed as impaired but no voting will be allowed in Class 16 as this Class has no members.

to which no response was filed. The parties have agreed to stipulate that the principal balance on the Creditor's Note shall be reduced to $46,000.00. The lien shall be modified to reflect the secured amount of $46,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $46,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $85,720.00 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim - Chevy Chase Bank (Class 3).

Chevy Chase Bank is secured by the residential property located at 223340 North 77th Way, Scottsdale, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 17, 2009, Adversary Case No. 09-01686 RTB to which no response was filed. The Debtor believes that a stipulation will be entered which will reduce the principal amount of the Creditor's Note $550,000.00. The lien shall be modified to reflect the secured amount of $550,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and

receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $550,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $344,921.45 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. (**This class is impaired and/or no claim will exist in this Class.**)

Secured Claim - Countrywide Home Loans (Class 4).

Countrywide Home Loans is secured by a first mortgage lien on the residential property located at 17606 North 17th Place, #1092, Phoenix, AZ (the"Property").Any pre-petition mortgage arrearage shall be added to the outstanding balance of the loan and the loan re-amortized over the remaining life of the loan with the first payment to be made 30 days after confirmation of the Debtor's Chapter 11 Plan of Reorganization. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. (**This class is impaired and/or no claim will exist in this Class.**)

Secured Claim - GMAC Mortgage (Class 4A)

GMAC Mortgage is secured by a second mortgage lien the residential property located at 17606 North 17th Place, #1092, Scottsdale, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 17, 2009,

Adversary Case No. 09-01682 RTB to which no response was filed. A proof of claim was filed by GMAC Mortgage in the amount of $68,256.92 on October 5, 2009. Under a forthcoming Stipulation, the Creditor's lien shall be deemed released only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. The Creditor shall have no claim in this case as it is not a party to the Note and no distribution shall be made to the Creditor.The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is not impaired and/or no claim will exist in this Class.)**

Secured Claim - Countrywide Home Loans (Class 5).

Countrywide Home Loans is secured by the residential property located at 16806 North 20th Street, Phoenix, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 18, 2009, Adversary Case No. 09-01691 RTB to which no response was filed. An Application for Entry of Default Judgment was filed with the Court on January 22, 2010. Under a forthcoming Judgment, the principal balance on the Creditor's Note shall be reduced to $128,000.00. The lien shall be modified to reflect the secured amount of $128,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $128,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment

amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $49,010.00 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. (**This class is impaired and/or no claim will exist in this Class.**)

Secured Claim - Countrywide Home Loans (Class 6).

Countrywide Home Loans is secured by the residential property located at 8512 East Roanoke Avenue, Scottsdale, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 7, 2009, Adversary Case No. 09-01629 RTB to which no response was filed. An Application for Entry of Default Judgment was filed with the Court on January 13, 2010. Under the Judgment entered by the Court on February 2, 2010, the principal balance on the Creditor's Note shall be reduced to $155,000.00. The lien shall be modified to reflect the secured amount of $155,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $155,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan

which is believed to be $91,390.46 as this is a non-recourse loan.  The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate.  **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim - GMAC Mortgage (Class 7).

GMAC Mortgage is secured by a first mortgage lien on the residential property located at 3734 West Medlock Drive, Phoenix, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 21, 2009, Adversary Case No. 09-01694RTB to which no response was filed.  An Application for Entry of Default Judgment was filed with the Court on January 25, 2010. Under a forthcoming stipulation, the principal balance on the Creditor's  Note shall be reduced to $70,500.00. The lien shall be modified to reflect the secured amount of $70,500.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $70,000.00.The Debtor's payments under the loan will be re-amortized at the current contract rate of interest  over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. A proof of claim in the amount of $217,857.01 was filed by the Creditor on October 5, 2009. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $147,857.01 as this is a non-recourse loan.  The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor

or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim - GMAC Mortgage (Class 7A)

GMAC Mortgage is secured by a ~~second mortgage~~ first mortgage lien on the residential property located at 3734 West Medlock Drive, Phoenix, AZ (the"Property")..A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 18, 2009, Adversary Case No. 09-01693 RTB to which no response was filed. An Application for Entry of Default Judgment was filed with the Court on January 25, 2010. No proof of claim was filed by GMAC Mortgage. Under a forthcoming stipulation, the Creditor's lien shall be deemed released only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. **The Creditor shall have no claim in this case as it is not a party to the Note and no distribution shall be made to the Creditor.** The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is not impaired and/or no claim will exist in this Class.)**

Secured Claim - GMAC Mortgage (Class 8).

GMAC Mortgage is secured by a first mortgage lien on the residential property located at 3730 West Medlock Drive, Phoenix, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 21, 2009, Adversary Case No. 09-01696 RTB to which no response was filed. Under a forthcoming stipulation, the principal balance on the Creditor's Note shall be reduced to $70,000.00. The lien shall be modified to reflect the secured amount of $70,000.00 only upon the entry of discharge. However, the Debtor make seek

release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $60,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. A proof of claim in the amount of $201,467.61 was filed by the Creditor on October 5, 2009. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $141,467.61 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim - GMAC Mortgage (Class 8A)

GMAC Mortgage is secured by a second mortgage first mortgage lien on the residential property located at 3730 West Medlock Drive, Phoenix, AZ (the"Property")..A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on December 21, 2009, Adversary Case No. 09-01695 RTB to which no response was filed. No proof of claim was filed by GMAC Mortgage. Under a forthcoming stiplulation, the Creditor's lien shall be deemed released only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. **The Creditor shall have no claim in this case as it is not a party to the Note and no distribution shall be made to the Creditor**. The confirmed

Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is not impaired and/or no claim will exist in this Class.)**

Secured Claim - Washington Mutual Bank/JPMorgan Chase Bank (Class 9).

Washington Mutual Bank/JPMorgan Chase Bank is secured by a first mortgage lien on the residential property located at 6824 West Morrow Road, Glendale, AZ (the "Property"). A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on September 23, 2009, Adversary Case No. 09-01226 RTB to which no response was filed. An Application for Entry of Default Judgment was filed with the Court on October 28, 2009. Under the Judgment entered by the Court on January 9, 2010, the principal balance on the Creditor's Note shall be reduced to $188,000.00. The lien shall be modified to reflect the secured amount of $188,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $188,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. A proof of claim in the amount of $223,254.19 was filed by the Creditor on November 12, 2009. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $36,257.06 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether

12

secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim - Washington Mutual Bank/JPMorgan Chase Bank (Class 10)

Washington Mutual Bank/JPMorgan Chase Bank is secured by a first mortgage lien on the residential property located at 8729 West Bobby Lopez Drive, Tolleson, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on September 23, 2009, Adversary Case No. 09-01228 RTB to which no response was filed. An Application for Entry of Default Judgment was filed with the Court on October 28, 2009. Under the Judgment entered by the Court on January 29, 2010, the principal balance on the Creditor's Note shall be reduced to $75,000.00. The lien shall be modified to reflect the secured amount of $75,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $75,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. A proof of claim in the amount of $134,911.36 was filed by the Creditor on December22, 2009 to which the Debtor objected to and no response was filed on behalf of the Creditor. An Order sustaining the Objection will be entered by time of the Hearing for approval of the Debtor's Disclosure Statement. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $59,911.36 as

this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. (**This class is impaired and/or no claim will exist in this Class.**)

Secured Claim (Country Club Heights HOA (Class 10A)

Creditor is secured by a second position HOA lien on the real property located 8729 West Bobby Lopez Drive, Tolleson, AZ. A proof of claim in the amount of $1,693.00was filed on behalf of the Creditor on November 19, 2009. This claim shall be paid as set forth in the Disbursement Schedule, a copy of which is attached hereto as Exhibit "A". (**This class is impaired**)

Secured Claim - Aurora Loan Services, Inc. (Class 11)

Aurora Loan Services, Inc. is secured by a first mortgage lien on the residential property located at 9447 West Virginia Avenue, Phoenix, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on November 9, 2009, Adversary Case No. 09-01482 RTB to which no response was filed. An Application for Entry of Default Judgment was filed with the Court on December 21, 2009. Under a forthcoming stipulation, the principal balance on the Creditor's Note shall be reduced to $80,000.00. The lien shall be modified to reflect the secured amount of $80,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $80,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order

confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. No proof of claim was filed by the Creditor. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $72,766.96 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. (**This class is impaired and/or no claim will exist in this Class.**)

Secured Claim - CMG Mortgage (Class 11A)

CMG Mortgage is allegedly secured by a second mortgage first mortgage lien on the residential property located at 9447 West Virginia Avenue, Phoenix, AZ , AZ (the"Property"). The Debtor has not been able to locate any evidence that the Creditor perfected its lien on the property. A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on January 14, 2010, Adversary Case No. 10-00080 RTB. Should the Debtor prevail, the Creditor's lien shall be deemed released. **The Creditor shall have no claim in this case as it is not a party to the Note and no distribution shall be made to the Creditor**. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. (**This class is not impaired and/or no claim will exist in this Class.**)

Secured Claim (Providence at Sheely Farms HOA (Class 11B)

Creditor is secured by a third position HOA lien on the real property located 9447 West Virginia Avenue, Phoenix, AZ. No proof of claim has been filed, but the Debtor believes that the amount owed is $118.08. This claim shall be paid as set forth in the Disbursement Schedule, a copy of which is attached hereto as Exhibit "A". (**This class is impaired)**

<u>Secured Claim - Merchants Mortgage & Trust Corp (Class 12)</u>

Merchants Mortgage & Trust Corp. is secured by a first mortgage lien on the residential property located at 6569 East Haven Avenue, Florence, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on January 14, 2010, Adversary Case No. 10-00083 RTB. Should the Debtor prevail, the principal balance on the Creditor's Note shall be reduced to $65,000.00. The lien shall be modified to reflect the secured amount of $65,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $65,000.00. The Debtor's payments under the loan, at the reduced amount of $65,000.00, will be amortized over 30 years with interest at the rate of 8.75% subject to a five (5) year call. The monthly payment shall be $512.00 per month. No proof of claim has been filed. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $18,000.00 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

<u>Secured Claim - Merchants Mortgage & Trust Corp (Class 13)</u>

Merchants Mortgage & Trust Corp. is secured by a first mortgage lien on the residential property located at 8155 West Pierson Street, Phoenix, AZ (the"Property").A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on January 14, 2010, Adversary Case No. 10-00081 RTB. Should the Debtor prevail, the principal balance on the

Creditor's Note shall be reduced to $42,000.00. The lien shall be modified to reflect the secured amount of $42,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $42,000.00. The Debtor's payments under the loan, at the reduced amount of $42,000.00, will be amortized over 30 years with interest at the rate of 8.75% subject to a five (5) year call. The monthly payment shall be $330.00 per month. No proof of claim has been filed. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $13,010.00 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim - Maricopa County Treasurer (Class 14)

The Maricopa County Treasurer shall have a secured claim in the amount of $23,948.46 which shall be paid with interest at the rate of 16% per annum as set forth in the Disbursement Schedule, a copy of which is attached hereto as Exhibit "A". **(This class is impaired.)**

Priority Claims - Security Deposits Held by the Debtor (Class 15)

This Class shall be made up of all members who have made security deposits with the Debtor in conjunction with the rental of the respective properties from the Debtor. No distribution shall be made to any member in this class under the Debtor's Chapter 11 Plan of Reorganization. The refund of the security deposit to any claimant in this Class shall be made in accordance with the terms of the lease. **(This Class in not impaired).**

17

### General Unsecured Claims (Class 16)

All allowed and approved claims under this Class shall be paid, *pro rata,* from all funds available for distribution as set forth in the Disbursement Schedule attached hereto as Exhibit "A". **(This class is not impaired.)** As of the date that the Debtor files its Chapter 11 Plan of Reorganization, Class 16 has no members except for claim of the Debtor's principal, Robert Highmsith. The claim of Mr.Highsmith will be subordinated by agreement to equity in Class 17.

### Debtor's Interest (Class 17).

Debtor shall retain all of the legal and equitable interest in assets of this estate, as all reconciliation issues have been met. All estate property shall vest in the Debtor at confirmation. **(This class is not impaired).**

## VI. DISPUTED CLAIMS

Debtor reserves the right to verify and object to any proof of claim. Payment of disputed claims shall be made only after agreement has been reached between the Debtor and the Creditor or upon the order of the Court. Any and all objections to proofs of claim will be filed within sixty (60) days of the Effective Date of this plan or will be waived.

## VII. EXECUTORY CONTRACTS

All leases with the Debtor's tenants will be deemed assumed and be honored.

## VIII. MEANS OF EXECUTION/PROJECTION

This is a 100% Plan (to all general unsecured allowed claims) with minimum payments of all timely filed and allowed claims to be made as set forth in the attached Disbursement

Schedule.[2] The Debtor may increase the amount of the payments set forth in the Disbursement Schedule should the Debtor's cash flow permit. The funds necessary for the satisfaction of all approved and allowed claims will be derived from the Debtor's income from its operations and from contributions made by the Debtor's principal, Robert Highsmith. The Debtor reserves the right to accelerate payment under the Plan from financing obtained from third party financing. Debtor believes that by virtue of the Plan it will have the ability to pay all allowed and approved claims pursuant to the Plan of Reorganization.

**GMAC Mortgage and CMG Mortgage will have no claim against the Debtor as the Debtor is not a party to the respective notes. Confirmation of the Plan shall be res judicata and forever bar any claim (secured, unsecured or otherwise) by GMAC Mortgage and CMG Mortgage.**

## IX. QUARTERLY FEES AND REPORTS

Debtor shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtor shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization. At such time, Debtor shall cease filing monthly operating reports and shall begin filing 90 day reports. These 90 day reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

---

[2] The Disbursement Schedule is based on the current economic condition. Should the economy bounce back, the time needed to complete the Chapter 11 Plan may be significantly reduced.

## X. CLOSING OF CASE

The Debtor may seek a final decree and an Order closing this case upon the conclusion of all administrative matters and provided that the Debtor has commenced payments required to be made pursuant to the Plan of Reorganization. All creditors shall remain bound by terms and conditions set forth in the Debtor's the Debtor's Chapter 11 Plan of Reorganization. No creditor shall be allowed to take any collection action against the Debtor as long as the Debtor remains in compliance with its Chapter 11 Plan of Reorganization.

## XI. IMPLEMENTATION AND CONSUMMATION OF PLAN

The terms of the Plan subsequent to confirmation shall bind the Debtor, any entity acquiring property under the Plan, and creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtor and shall be free from attachment, levy, garnishment or execution by creditors bound by the Plan.

It shall be the obligation of each creditor participating under the Plan to keep the Debtor advised of its current mailing address. In the event any payments tendered to creditors are mailed, postage prepaid, addressed (1) to the address specified in the Debtor's schedules and statement, (2) to the address specified in any proof of claim filed by a creditor or claimant herein or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to a lack or insufficiency of address or forwarding address, the Debtor shall retain such distribution for a period of six months. Thereafter, the distribution shall revert to the Debtor without further Order of the Court and free and clear of any claim of the named distributee. The Debtor shall thereafter not be required to mail subsequent distributions to any creditor for whom a distribution has been returned by the Post Office. The

Debtor reserves the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the Plan still complies with §1122 and §1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1123 of the Bankruptcy Code. Any holder of a claim or interest that has been previously accepted or rejected a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

## XII. DEFAULT

The Debtor's failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtor and the affected creditor agree to delayed payment.

Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

## XIII. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objection to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation,

implementation or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtor shall not be bound by estoppel, the principles of res judicata or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed.

DATED this 22nd day of March, 2010.

ALLAN D. NEWDELMAN, P.C.

/s/ Allan D. NewDelman
Allan D. NewDelman
Attorney for Debtor

A copy of the foregoing
mailed this 22nd day
of March, 2010, to:

Jennifer A. Giaimo, Esquire
Office of U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, Arizona 85003

/s/ R. Scott Graves
R. Scott Graves
Paralegal

22

**APPROVED:**

/s/ Robert Highsmith
Robert Highsmith
Managing Member, 20th Street LLC

# EXHIBIT "A"

## 20th STREET LLC
## USBC 09-20079 RTB
## Distribution of Payments to Made Under Chapter 11 Plan

| Quarter Ending | ADN Admin Claim | Maricopa Co Treasurer Claim | Country Club HOA Claim | Providence HOA Claim | Total Monthly Payment |
|---|---|---|---|---|---|
| Month 1 | 710.00 | 275.00 | 97.00 | 118.00 | **1,200.00** |
| Month 2 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 3 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 4 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 5 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 6 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 7 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 8 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 9 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 10 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 11 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 12 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| **YEAR 1 TOTALS** | **$8,410.00** | **$4,675.00** | **$1,197.00** | **$118.00** | **$14,400.00** |
| Month 13 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 14 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 15 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 16 | 700.00 | 400.00 | 100.00 | 0.00 | **1,200.00** |
| Month 17 | 700.00 | 404.00 | 96.00 | 0.00 | **1,200.00** |
| Month 18 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| Month 19 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| Month 20 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| Month 21 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| Month 22 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| Month 23 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| Month 24 | 700.00 | 500.00 | 0.00 | 0.00 | **1,200.00** |
| **YEAR 2 TOTALS** | **$8,400.00** | **$5,504.00** | **$496.00** | **$0.00** | **$14,400.00** |

## 20th STREET LLC
## USBC 09-20079 RTB
### Distribution of Payments to Made Under Chapter 11 Plan

| Quarter Ending | ADN Admin Claim | Maricopa Co Treasurer Claim | Country Club HOA Claim | Providence HOA Claim | Total Monthly Payment |
|---|---|---|---|---|---|
| Month 25 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 26 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 27 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 28 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 29 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 30 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 31 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 32 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 33 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 34 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 35 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 36 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| **YEAR 3 TOTALS** | **$0.00** | **$14,400.00** | **$0.00** | **$0.00** | **$14,400.00** |
| Month 37 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 38 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 39 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 40 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 41 | 0.00 | 1,200.00 | 0.00 | 0.00 | **1,200.00** |
| Month 42 | 0.00 | 102.00 | 0.00 | 0.00 | **102.00** |
| Month 43 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 44 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 45 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 46 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 47 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 48 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| **YEAR 4 TOTALS** | **$0.00** | **$6,102.00** | **$0.00** | **$0.00** | **$6,102.00** |

**20th STREET LLC**
**USBC 09-20079 RTB**
**Distribution of Payments to Made Under Chapter 11 Plan**

| Quarter Ending | ADN Admin Claim | Maricopa Co Treasurer Claim | Country Club HOA Claim | Providence HOA Claim | Total Monthly Payment |
|---|---|---|---|---|---|
| Month 49 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 50 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 51 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 52 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 53 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 54 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 55 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 56 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 57 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 58 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 59 | 0 | 0.00 | 0.00 | 0.00 | **0.00** |
| Month 60 | 0.00 | 0.00 | 0.00 | 0.00 | **0.00** |
| **YEAR 5 TOTALS** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **GRAND TOTALS** | **$16,810.00** | **$30,681.00** | **$1,693.00** | **$118.00** | **$49,302.00** |